UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
-- WHEELING DIVISION --

ELECTRONICALLY FILED
Jul 09 2020
U.S. DISTRICT COURT
Northern District of WV

SAMANTHA DAWN ELDER,

Plaintiff,

v.

SNELSON COMPANIES, INC.,
A Washington Corporation, and
AUGUSTUS WOODROW WALKER

Case No. **5:20-CV-138 (Bailey)**

**NOTICE OF REMOVAL**

Defendants Snelson Companies, Inc. and Augustus Woodrow Walker (hereinafter "Defendants"), by and through their counsel, Robert J. D'Anniballe, Jr., Esq. and the law firm of Pietragallo Gordon Alfano Bosick & Raspanti, LLP, hereby submit this Notice of Removal. Pursuant to 28 U.S.C. §§ 1332 and 1441. Defendants have contemporaneously given notice of the removal of the above-styled action from the Circuit Court of Wetzel County, West Virginia, to the United States District Court for the Northern District of West Virginia. In support of removal, Defendants state further:

## I. BACKGROUND

1. Plaintiff commenced this personal-injury action by filing a Complaint on June 1, 2020 in the Circuit Court of Wetzel County, West Virginia, at Case No. 20-C-23. The Complaint is attached hereto as Exhibit A.

2. Plaintiff alleges that, on August 3, 2018, she was struck by a motor vehicle whose driver failed to obey a stop sign and/or yield the right of way causing a collision on or around Piney Fork Road / County Road 56 near the intersection with W.Va. Route 20. (Compl. ¶¶ 9-10.)

3. Plaintiff claims that the Vehicle was owned by Defendant Snelson Companies, Inc. and was being operated by Defendant Augustus Woodrow Walker, its employee/agent at the timeframe material herein. (Compl. ¶ 24.)

4. Plaintiff seeks recovery of damages against Defendants on theories of Negligent / Reckless Conduct (Count I), Prime Facie Negligence (Count II) and Vicarious Liability (Count III).

## II. Jurisdictional Basis For Removal

### A. The Amount in Controversy Exceeds $75,000

5. A defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

6. As a result of the accident of August 3, 2018, Plaintiff allegedly "suffered severe injuries to her body" (Compl. ¶13) and "has and/or will continue to incur in the future, special and general damages." (*Id.* ¶ 15.)

7. More specifically, her claimed injuries include:

a. Medical expenses;
b. Pain and suffering;
c. Physical limitations;
d. Diminished capacity to enjoy life;
e. Lost wages;
f. Loss of earning capacity;
g. Annoyance and inconvenience; and
h. Other consequences and damages associated with her injuries as may be specified as this action progresses.

(Compl. ¶ 15, subparts (a) through (h).)

8. The Complaint includes a claim for compensatory damages in an amount to be determined by a jury.

9. Plaintiff also requests an award of punitive damages, alleging Defendant Walker acted with "with actual malice and/or a conscious, reckless and outrageous indifference to the health, safety and welfare of others" (Compl. ¶11).

10. Defendants aver that the amount in controversy in this action, therefore, exceeds $75,000.00, exclusive of interest and costs.

11. Although Plaintiff's Complaint states only that she seeks damages "in an amount to be determined by a jury" for the Circuit Court of Wetzel County, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). In making its determination of whether it is facially apparent that the amount in controversy is satisfied, the Court may "employ[] its judicial experience [and] common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010).

12. The question is whether, based on Plaintiff's allegations of serious injury, attributed to the actions of a driver and the company for whom he was an agent or employee at the timeframe material herein, it is more likely than not that a reasonable jury could value her lawsuit at more than $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

13. Although Defendants deny Plaintiff is entitled to any damages whatsoever, it is obvious that the matter-in-controversy requirement is satisfied in this case. *See Lewis v. Verizon*

*Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

14. Based on Plaintiff's allegations of severe bodily injuries —as well as the demand for punitive damages, it is apparent from the face of the Complaint that the value of Plaintiff's case exceeds $75,000. *See Vaughan v. Dixon*, No. 3:09-cv-50, 2009 WL 2913617, at *4 (N.D. W. Va. Sept. 8, 2009) (in a case involving a truck accident, finding that "the face of Plaintiff's Complaint satisfies the amount in controversy" where it was alleged the plaintiff suffered "injuries to her back, neck and knees and other areas of her body" and "probably permanent disability").[1]

15. Moreover, even if it weren't facially apparent from the Complaint that this case meets the jurisdictional minimum, the Court may consider "summary judgment-type evidence" to determine the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

16. In that regard, Defendants note that Plaintiff's counsel has valued this case in and amount far exceeding the jurisdictional limits in pre-suit correspondence. *See Ferris v. Gen. Dynamics Corp.*, 645 F. Supp. 1354, 1361 (D.R.I. 1986) (noting that, in determining the amount

[1] *See also In re Digitek Prod. Liab. Litig.*, No. 2:09-cv-191, 2009 WL 1939170, at *4 (S.D. W. Va. June 30, 2009) (concluding that it is "facially apparent that the amount in controversy is likely to exceed $75,000" in a case involving allegations that the plaintiff suffered a stroke, physical and mental pain and suffering, disability, and other "serious injuries"); *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007) (denying motion to remand where plaintiff sought damages for "serious bodily injury, tremendous pain and suffering, loss of earning capacity, and loss of ability to enjoy life" [internal quotations omitted]); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming the denial of a motion to remand because it is "facially apparent" that a slip-and-fall case is worth more than $75,000 where plaintiff "sustained injuries to her right wrist, left knee and patella, and upper and lower back" and claimed "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Carleton v. CRC Industries, Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (holding that it is "undeniably facially apparent, as a matter of law" that plaintiff's damages exceeded $75,000 in a case involving potentially fatal injuries, since "common experience" dictates that damages resulting from such injuries will meet the threshold amount for federal jurisdiction).

in controversy, "courts have typically looked at things from the plaintiff's standpoint, eyeing the benefit expected to accrue to the plaintiff as the best yardstick for measurement of the amount in controversy").

17. Finally, other verdicts awarded in analogous cases provide further confirmation that Plaintiff's allegations of severe bodily injuries easily satisfy the threshold for diversity jurisdiction. *See Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864, 867 (S.D. W. Va. 2005) (considering "evidence of verdicts in other similar cases" in denying motion to remand).

### B. Complete Diversity Exists

18. Plaintiff is a citizen of West Virginia. (Compl. ¶ 1.)

19. Defendant Walker is a citizen of Alabama. (Compl. 3.)

20. Defendant Snelson Companies, Inc. is a Washington corporation with its principal place of business in Sedro-Woolley, Washington. (Compl. ¶ 2.)

21. This Court, therefore, has original subject matter jurisdiction over this action as there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

## III. Procedural Elements for Removal

22. Defendant Snelson Companies, Inc. was served with the Complaint on or about June 11, 2020. Defendant Walker was also served with the Complaint on June 11, 2020. Service was perfected through the W.Va. Secretary of State.

23. This Notice of Removal is filed within thirty (30) days of service upon Defendants and, therefore, is timely under 28 U.S.C. § 1446(b)(1). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day time period for removal runs from the date of formal service).

24. Upon removal, Defendant Snelson Companies, Inc. will file its disclosure statement in accordance with Federal Rule of Civil Procedure 7.1.

25. This action is properly removed to the United States District Court for the Northern District of West Virginia, because Plaintiff's Complaint was originally filed in the Circuit Court of Wetzel County, West Virginia, which lies geographically within this judicial district and division. *See* 28 U.S.C. §§ 129(a), 1441(a).

26. Copies of all process, pleadings, and orders served on or filed by Defendants in the underlying state-court action are attached as Exhibits A and B. *See id.* § 1446(a).

27. A copy of this Notice will be filed with the Circuit Court of Wetzel County and served upon Plaintiff's counsel as required under 28 U.S.C. § 1446(d).

28. Accordingly, Defendants submit that all procedural requirements for removal have been satisfied.

## IV. Reservations and Request for Oral Argument if Remand Is Sought

29. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

30. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendants Snelson Companies, Inc. and Augustus Woodrow Walker respectfully remove this action to the United States District Court for the Northern District of West Virginia.

By: /s/ Robert J. D'Anniballe, Jr.
ROBERT J. D'ANNIBALLE, JR., ESQ.
(WV Bar No. 920)
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
333 Penco Road
Weirton, WV 26062
Telephone: 304-723-6314
Facsimile: 304-723-6318
E-Mail: RJD@Pietragallo.com
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
-- WHEELING DIVISION --

SAMANTHA DAWN ELDER, )
)
Plaintiff, )
)
v. ) Case No. 5:20-CV-138 (Bailey)
)
SNELSON COMPANIES, INC., )
A Washington Corporation, and ))
AUGUSTUS WOODROW WALKER )

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2020, I electronically filed the foregoing document with the Clerk of Court for United States District Court for the Northern District of West Virginia and served the same on the following counsel of record via electronic mail.

Eric M. Hayhurst, Esq. (#11042)
Hayhurst Law PLLC
34 Commerce Drive, Suite 203
Morgantown, WV 26501
Phone: 304-212-7099
Fax: 304-212-7108
eric@hayhursylaw.com
*Counsel for Plaintiff*

By: /s/ Robert J. D'Anniballe, Jr.
ROBERT J. D'ANNIBALLE, JR., ESQ.
(WV Bar No. 920)
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
333 Penco Road
Weirton, WV 26062
Telephone: 304-723-6314
Facsimile: 304-723-6318
E-Mail: RJD@Pietragallo.com
*Counsel for Defendants*