IN THE CIRCUIT COURT OF _____WETZEL_____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. 20-C-23
Judge: Cramer

**Plaintiff(s)**
SAMANTHA DAWN ELDER

Plaintiff's Phone: (304) 212-7099

**vs.**

**Defendant(s)**
SNELSON COMPANIES, INC
Name

CT Corporation System, 1627 Quarrier Street
Street Address

Charleston, WV 25311-2124
City, State, Zip Code

Days to Answer: 30
Type of Service: Secretary of State
Defendant's Phone:

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation [As defined in T.C.R. 26.04(a)]
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No   CASE WILL BE READY FOR TRIAL BY (Month/Year): 06 / 2021

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**
[ ] Yes [✓] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Eric M. Hayhurst, Esq.
Firm: Hayhurst Law, PLLC
Address: 34 Commerce Drive, Suite 203, Morgantown, WV 26501
Telephone: (304) 212-7099

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] Proceeding Without an Attorney

Original and 2 copies of complaint enclosed/attached.

Dated: 05 / 27 / 2020   Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 4/2020

**EXHIBIT A**

Plaintiff: <u>SAMANTHA DAWN ELDER</u> , et al    Case Number: _____

vs.

Defendant: <u>SNELSON COMPANIES, INC</u> , et al

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

<u>Augustus Woodrow Walker</u>      Defendant's Phone: <u>(205) 534-6114</u>
Defendant's Name

<u>1785 County Road 64</u>          Days to Answer: _____
Street Address

<u>Plantersville, AL 36758</u>       Type of Service: _____
City, State, Zip Code

---

_____          Defendant's Phone: _____
Defendant's Name

_____          Days to Answer: _____
Street Address

_____          Type of Service: _____
City, State, Zip Code

---

_____          Defendant's Phone: _____
Defendant's Name

_____          Days to Answer: _____
Street Address

_____          Type of Service: _____
City, State, Zip Code

---

_____          Defendant's Phone: _____
Defendant's Name

_____          Days to Answer: _____
Street Address

_____          Type of Service: _____
City, State, Zip Code

---

_____          Defendant's Phone: _____
Defendant's Name

_____          Days to Answer: _____
Street Address

_____          Type of Service: _____
City, State, Zip Code

---

_____          Defendant's Phone: _____
Defendant's Name

_____          Days to Answer: _____
Street Address

_____          Type of Service: _____
City, State, Zip Code

---

_____          Defendant's Phone: _____
Defendant's Name

_____          Days to Answer: _____
Street Address

_____          Type of Service: _____
City, State, Zip Code

SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page       Revision Date: 4/2020

**EXHIBIT A**

IN THE CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

SAMANTHA DAWN ELDER,

    Plaintiff,

V.

    CIVIL ACTION NO. 20-C-23

    JUDGE: Cramer

SNELSON COMPANIES INC.,
A Washington Corporation, and
AUGUSTUS WOODROW WALKER,

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Samantha Dawn Elder, by and through her counsel, Eric M. Hayhurst, Esq. of Hayhurst Law, PLLC, and states as follows for her Complaint:

### *Parties*

1. Plaintiff is, and was at all times relevant to this Complaint, a resident of Pine Grove, Wetzel County, West Virginia.

2. Defendant Snelson Companies, Inc. ("Defendant Snelson") is, upon information and belief, a Washington Corporation, having a principal address at 601 W. State Street, Sedro-Woolley, Washington (98284).

3. Defendant Augustus Woodrow Walker ("Defendant Walker") is, upon information and belief, a resident of Maplesville, Chilton County, Alabama.

4. Upon information and belief, Defendant Walker was, at all times relevant to this Complaint, an employee/agent of Defendant Snelson.

1

**EXHIBIT A**

## *Jurisdiction and Venue*

5. This Court has jurisdiction over the parties and claims asserted in this action as Defendant Walker was operating a truck owned by Defendant Snelson and was acting as an employee and/or agent of Defendant Snelson when he caused a collision and tortious injury while operating a motor vehicle in Wetzel County, West Virginia.

6. Pursuant to W. Va. Code § 56-1-1, Wetzel County is an appropriate venue for this action as it is the location where the collision occurred and where the cause of action arose.

## COUNT I
### Negligent / Reckless Conduct

7. Plaintiff incorporates the allegations in the preceding paragraphs by reference and as if alleged fully herein.

8. On August 3, 2018, Plaintiff was operating a motor vehicle southbound on W. Va. Route 20 in or around Galmish, Wetzel County, West Virginia.

9. At the same time, Defendant Walker was operating a motor vehicle traveling northbound on Piney Fork Road/County Road 56 near the intersection with W. Va. Route 20 opposite of the Plaintiff.

10. Defendant Walker, however, negligently, carelessly and/or recklessly failed to obey a stop sign and/or yield the right of way and caused a violent collision with the passenger side of the Plaintiff's motor vehicle.

11. Further, Defendant Walker acted with actual malice and/or with a conscious, reckless and outrageous indifference to the health, safety and welfare of others in his actions and/or omissions described above.

2

**EXHIBIT A**

12. The impact caused the Plaintiff to leave the roadway and strike another vehicle head-on.

13. As a direct and proximate result of Defendant Walker's negligent, careless and/or reckless conduct and the collision described above, Plaintiff suffered severe injuries to her body.

14. Plaintiff was free from any negligence at all times relevant to this Complaint.

15. As a direct and proximate result of Defendant Walker's negligent, careless and/or reckless conduct, Plaintiff has and/or will continue to incur in the future, special and general damages, including, but not limited to:

    (a) medical expenses;

    (b) pain and suffering;

    (c) physical limitations;

    (d) diminished capacity to enjoy life;

    (e) lost wages;

    (f) loss of earning capacity;

    (g) annoyance and inconvenience; and

    (h) other consequences and damages associated with her injuries as may be specified as this action progresses.

### COUNT II
### Prima Facie Negligence

16. Plaintiff incorporates the allegations in the preceding paragraphs by reference and as if alleged fully herein.

17. Defendant Walker, as an operator of a vehicle on a public roadway in West Virginia, owed duties to the Plaintiff and to the general public to maintain control of his vehicle

**EXHIBIT A**

and to generally obey the laws and rules of the road.

18. Pursuant to W.Va. Code §§ 17C-3-4, 17C-5-3, 17C-6-1 and 17C-12-5, Defendant Walker was statutorily required to: obey traffic control devices, including stop signs; not engage in a willful or wanton disregard for the safety of other persons or property in the operation of his motor vehicle; maintain control of the motor vehicle that he was operating; and not drive at a speed greater than was reasonable and prudent.

19. Defendant Walker breached these duties by failing to obey a stop sign; willfully and wantonly disregarding the safety of other persons or property in the operation of his motor vehicle; failing to maintain control of his motor vehicle; driving at a speed that was greater than reasonable and prudent and initiating the collision described herein.

20. Defendant Walker's violation of West Virginia law proximately caused the collision on August 3, 2018 and proximately caused Plaintiff's injuries and damages, as specified above.

21. Defendant Walker's wrongful conduct constitutes prima facie evidence of negligence, based upon his violation of West Virginia law.

22. Furthermore, because of Defendant Walker's violation of these statutes proximately caused Plaintiff's injuries and damages, his conduct is actionable.

## COUNT III
### Vicarious Liability

23. Plaintiff incorporates the allegations in the preceding paragraphs by reference and as if alleged fully herein.

24. On August 3, 2018, Defendant Walker was operating a motor vehicle owned by

4

**EXHIBIT A**

Defendant Snelson.

25. Upon information and belief, on August 3, 2018, Defendant Walker was operating and using the motor vehicle owned by Defendant Snelson with Snelson's permission.

26. Upon information and belief, on August 3, 2018, Defendant Walker was acting as an agent, servant and/or employee of Defendant Snelson.

27. Defendant Walker was engaged in his employment individually, and as an agent, servant and/or employee of Defendant Snelson at the time of the collision described herein.

28. All actions and omissions alleged in this Complaint against Defendant Walker were committed by Defendant Walker while he was acting within the course and scope of his agency and/or employment relationship with Defendant Snelson and, as such, Defendant Snelson is vicariously liable for all of the actions and omissions of Defendant Walker.

**WHEREFORE**, Plaintiff, Samantha Dawn Elder, requests that she be awarded judgment against the Defendants, August Woodrow Walker and Snelson Companies, Inc, jointly and severally, for the following:

(a) compensatory damages in an amount to be determined by a jury;

(b) punitive damages, to the extent warranted by the evidence and the applicable by law;

(c) pre-judgment and post-judgment interest as allowed by law;

(d) attorneys' fees, costs and expenses incurred in connection with this action; and,

(e) such other and further relief as the Court deems just and appropriate under the circumstances.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**EXHIBIT A**

SAMANTHA DAWN ELDER,

Plaintiff,

By Counsel:

_____
ERIC M. HAYHURST, ESQ. (#11042)
HAYHURST LAW PLLC
34 Commerce Drive, Suite 203
Morgantown, WV 26501
(304) 212-7099 office
(304) 212-7108 fax
eric@hayhurstlaw.com

**EXHIBIT A**